IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. SYRUS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-12-678-D |
| v. | ) | |
| | ) | |
| PROFESSIONAL BASKETBALL | ) | |
| CLUB (PBC) LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING DISMISSAL OF THE ACTION**

With his Complaint filed June 14, 2012, the *pro se* Plaintiff requests leave to proceed *in forma pauperis* ("IFP")pursuant to 28 U.S.C. §1915(a)(1).[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Having reviewed the motion, the undersigned finds that Plaintiff has not presented sufficient information to determine whether he has funds sufficient to pay the full filing fee. For instance, Plaintiff states that he is not employed but that he made $150.00 for 3 days of work in June 2012 and that he has no assets other than a 1985 pick-up truck. He provides no further information regarding any sources of income, although he states that he has a wife and an infant who are his dependents.

---

[1] "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005).

Review of the motion is further complicated because the Defendant named in the caption of the Complaint, Professional Basketball Club (PBC) LLC, who has not been served with process, has made a special appearance and filed a written "Objection to Plaintiff's Application to Proceed In Forma Pauperis." (Doc. # 4). In this Objection, Defendant requests that Plaintiff's application to proceed IFP be denied on the ground that the action is frivolous under 28 U.S.C. § 1915. Defendant asserts that Plaintiff's Complaint raises the same copyright and trademark infringement claims that Plaintiff raised, and this Court and the Tenth Circuit Court of Appeals rejected, in a previous action filed by Plaintiff IFP, Syrus v. Bennett, et al., Case No. CIV-10-1116-D. Because his claims raised in the instant action are "equally frivolous," Defendant asserts that the Court should refuse to allow Plaintiff to proceed *IFP* in this action. Defendant does not expressly seek dismissal of the action filed by Plaintiff herein, and in fact Defendant states that the objection is not intended as a responsive pleading to Plaintiff's Complaint. However, Defendant has invoked 28 U.S.C. § 1915(e)(2)(B)(ii)'s standard for reviewing IFP complaints. Thus, the Court must determine whether it has the authority to *sua sponte* address the sufficiency of the Complaint.

In considering a civil complaint filed IFP, the court has the responsibility to screen the complaint. 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B).

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court stated that "[t]he

federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit. The statute protects against abuses of this privilege by allowing a district court to dismiss the case 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" Id. at 27 (citing former 28 U.S.C. §1915(d)). The decision in Hernandez does not indicate, however, whether a district court's §1915 review of the sufficiency of the complaint may be undertaken simultaneously with a consideration of the merits of the IFP application.

The Tenth Circuit Court of Appeals has recognized that "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." Lister, 408 F.3d at 1312. In Lister, the circuit court found that the district court did not abuse its discretion in denying IFP status after the *pro se* litigant failed to fill out the proper forms or provide the district court with the requisite information for determining the litigant's eligibility to proceed IFP. Id. at 1313. In a recent unpublished decision, the Tenth Circuit Court of Appeals affirmed the district court's denial of a *pro se* litigant's application to proceed IFP and simultaneous dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of the claims asserted in the complaint based on the finding that the litigant had failed to allege a federal claim. The court again quoted Lister and found that the district court had conducted a proper inquiry of the sufficiency of the complaint under 28 U.S.C. § 1915(e)(2)(B) in connection with a review of the application to proceed IFP.

Taking judicial notice of the Court's own records, in the previous action filed by Plaintiff Defendants Mr. Clay Bennett and Oklahoma City Thunder moved to dismiss the action under Rule 8(a)(2) and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  District Judge DeGiusti granted the motion, finding that (1) as to Mr. Bennett Plaintiff had not asserted any factual allegations on which a plausible claim against Mr. Bennett could be based and that (2) as to Defendants Mr. Bennett and Oklahoma City Thunder Plaintiff had failed to state a plausible claim of copyright infringement with respect to the phrases "Thunder Up!," "Go Thunder!," and "Let's Go Thunder." The Court dismissed the action with prejudice, and judgment was entered accordingly. Syrus v. Bennett, 2011 WL 1515613 (W.D. Okla. Apr. 19, 2011)(Order, DeGiusti, D.J.).

On appeal, the Tenth Circuit Court of Appeals affirmed this Court's dismissal. Syrus v. Bennett, Case No. 11-6117, 455 Fed.Appx. 806 (10th Cir. Nov. 3, 2011), cert. denied, 2012 WL 1079663 (2012). In its opinion, the Tenth Circuit Court of Appeals noted that Defendant Mr. Bennett was the chairman of the Professional Basketball Club, LLC, and that Professional Basketball Club, LLC is the entity that owns the Thunder professional basketball team.  The circuit court found that "the phrases 'Go Thunder' and 'Let's Go Thunder' do not reflect the minimal creativity required for copyright protection" (Plaintiff disclaimed any rights to the phrase "Thunder Up" in his appeal) and that Plaintiff does not have a valid copyright in the phrases.  Additionally, the Court found that Plaintiff had confused copyright and trademark protection and that Plaintiff "did not allege that he used the phrases 'Go Thunder' and 'Let's Go Thunder' in commerce in connection with his

4

provision of any goods or services, nor did he advance a claim that defendants' use of the phrases constituted federal or state trademark infringement or violated any other trade-related law." Id., 455 Fed.Appx. at 810.

In the one-page Complaint filed herein, Plaintiff again asserts that he has copyright protection concerning the phrases "Go Thunder" and "Let's Go Thunder." Plaintiff asserts that Defendant "which owns the NBA's Oklahoma City Thunder Basketball team" violated his registered copyright of the phrases "Go Thunder" and "Let's Go Thunder." Complaint (Doc. # 1), at 1. Plaintiff alleges that Defendant is liable to him for "breaking both Federal copyright laws and State trademark violations . . . ." Complaint (Doc. # 1), at 1.

Plaintiff is obviously attempting to relitigate the same issues asserted in his previous action. He has simply named a new Defendant who is obviously in privy with the Defendants named in the previous action. Adopting the same reasoning set forth in this Court's and the Tenth Circuit's decisions in Plaintiff's previous action, Plaintiff has not stated a plausible claim of copyright or trademark infringement. Moreover, his claims asserted in the instant Complaint are redundant. Additionally, Plaintiff has not presented an IFP application containing sufficient information upon which to determine whether he is unable to pay the full filing fee. Therefore, the Court should deny his application to proceed IFP and dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the application to proceed IFP should be denied and the Plaintiff's cause of action should be dismissed as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) . It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ."). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      July 11th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   21st   day of    June   , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE