## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES A. SYRUS, )<br>                                   )<br>    Plaintiff, )<br>                                   )<br>vs. )   Case No. CIV-12-678-D<br>                                   )<br>PROFESSIONAL BASKETBALL CLUB )<br>  (PBC), LLC, )<br>                                   )<br>    Defendant. ) | |

### ORDER

Plaintiff, who appears *pro se*, filed this action on June 14, 2012 [Doc. No. 1]. Pursuant to 28 U. S. C. § 1915(a)(1), he also requested leave to proceed *in forma pauperis* [Doc. No. 2]. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U. S. C. § 636(b)(1)(B).

On June 21, 2012, Judge Purcell filed a Report and Recommendation [Doc. No. 7] in which he recommended that the Court deny Plaintiff's application to proceed *in forma pauperis* and dismiss this action as frivolous, pursuant to 28 U. S. C. § 1915(e)(2)(B).[1] In the Report and Recommendation, the Magistrate Judge advised Plaintiff of his right to object to the findings and conclusions set forth therein, and scheduled a July 11, 2012 deadline for filing objections. The Magistrate Judge also expressly cautioned Plaintiff that his failure to timely object would constitute a waiver of his right to appellate review of the Report and Recommendation.

Plaintiff's deadline for filing objections has expired, and no objections were filed. Nor did Plaintiff seek an extension of the deadline for objecting to the Report and Recommendation.

---

[1] Although Plaintiff is not incarcerated, the provisions of § 1915(a) apply to "all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005).

Accordingly, the Report and Recommendation [Doc. No. 7] is adopted.[2] For the reasons explained in detail in the Report and Recommendation, Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] is denied, and this action is dismissed with prejudice,[3] pursuant to 28 U. S. C. § 1915(e)(2)(B).

IT IS SO ORDERED this 23rd day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Magistrate Judge recommended that the dismissal count as a "strike" pursuant to §1915(g). Although the other provisions of § 1915 apply to non-prisoners, the Tenth Circuit Court of Appeals appears not to have determined whether the three-strikes provision is applicable to non-prisoners. *See Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008)(unpublished opinion). Even if Plaintiff is not subject to that provision, he is nonetheless subject to the other requirements of the statute, and dismissal with prejudice is proper where the Court finds that the action is frivolous. *Id.*

[3] Dismissal is with prejudice because, as the Magistrate Judge explained in detail in the Report and Recommendation, Plaintiff's claims in this case are the same as the copyright infringement claims he asserted in *Syrus v. Bennett*, CIV-10-1116-D, an action dismissed with prejudice by the Court. *See Syrus v. Bennett,* 2011 WL 1515613 (W.D. Okla. April 19, 2011) (unpublished opinion). The dismissal was affirmed on appeal. *Syrus v. Bennett,* 455 F. App'x 806 (10th Cir. 2011) (unpublished opinion), *cert. denied,* __ U.S. __, 132 S.Ct. 2692 (2012).